April 2, 2008

The Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Brennan Sweeney**
      **08 Cr. 212 (RJH)**

Dear Judge Holwell:

      I write on behalf of my client, Brennan Sweeney, to request a modification of his bail conditions in two respects. The Government consents to one but not both of these requests. Because one of these requests constitutes a "review and appeal of a release order," it must be heard by "the court having original jurisdiction over the offense" pursuant to 18 U.S.C. § 3145(a)(2). Thus, the application must be heard by this Court and may not be considered by a magistrate judge.

      On March 28, 2008 Mr. Sweeney was presented in Magistrate's Court on a two-count indictment charging him with downloading images depicting child pornography and with making those images available to others by having them accessible on a file-sharing service called "Limewire." The entirety of the conduct is alleged to have occurred nearly five years ago from March to June 2003.

      Magistrate Judge Andrew J. Peck ordered Mr. Sweeney released on the following conditions:

> A $50,000 personal recognizance bond to be co-signed by two financially responsible persons secured by $5,000 cash/property; travel limited to the SDNY/EDNY; surrender of all travel documents with no new applications; strict pretrial supervision; home detention with electronic monitoring with permission to leave home for court appearances, attorney meetings, and for job search with notification to Pretrial Services; no access to the internet or computers, no unsupervised contact with minors; no pornography or pornography materials.

The Honorable Richard J. Holwell                April 2, 2008
United States District Court                    Page 2
Southern District of New York


**Re:     United States v. Brennan Sweeney**
         **08 Cr. 212 (RJH)**


      Mr. Sweeney was released on his own signature, with the expectation that Pretrial Services would install the electronic monitoring system using his telephone line by today, April 2. Unfortunately, Pretrial Services has not been able to do so because Mr. Sweeney's telephone line is digital, and the earliest Verizon can change the line is April 8. Thus, Mr. Sweeney, with the Government's consent, requests that the bail conditions be amended to allow Pretrial Services until April 11 to install the electronic monitoring. The other conditions of Mr. Sweeney's release have been met as his mother and stepfather have already signed his $50,000 bond and posted $5,000 cash.

      Mr. Sweeney's second application is that the Court amend the hours of his home detention to allow him to continue his job as a bartender. Magistrate Judge Peck denied this application, and the Government opposes it.

      Mr. Sweeney's employment as a bartender is not simply a side job that he works in addition to other pursuits. It has been his full-time employment for over seven years. His current job is at a new bar called Toby's Public House at 21st Street and 6th Avenue in Manhattan. It is his only source of income, and his prospects of finding new employment while the current charges are pending are remote.

      The alleged conduct in this case occurred five years ago, and the Government has been aware of it since that time. In June 2003, agents from the FBI seized Mr. Sweeney's computer and told him to "keep his nose clean." Since that time, Mr. Sweeney has done just that. He has worked full time and lived in New York City continuously with the exception of several months last year when he went home to Philadelphia to help care for his father who is dying of lung cancer.

      The alleged conduct does not involve any attempt whatsoever to engage in conduct with minors. In addition, he is not alleged to have created child pornography or to have bought or sold pornographic material. The entirety of the charge is possession of images that he downloaded from the internet and that were accessible to others through a file-sharing program. When the agents returned to arrest Mr. Sweeney last week, they once again searched his computer. There was no pornographic material found. There is simply no suggestion that Mr. Sweeney poses any sort of danger to society whatsoever.

      In many ways, bartending is the perfect job for him to be able to abide by the other conditions of his release. Unlike almost any other retail job, working in a bar ensures that he will not have contact with minors, as no one under the age of 18 is allowed entrance into the bar.

The Honorable Richard J. Holwell                                                  April 2, 2008
United States District Court                                                        Page 3
Southern District of New York

**Re:** **United States v. Brennan Sweeney**
      08 Cr. 212 (RJH)

While his shift is at night, from 4:00 p.m. to 4:00 a.m., there is nothing about those hours that makes him any more of a threat to society than a day shift. Indeed, those hours once again make it less likely that he would have occasion to have any sort of contact with minors.

      For the past five years, the Government has not found Mr. Sweeney to be a flight risk or a danger to the community. Nothing has changed, except that he now realizes that he is under even greater scrutiny than before. There simply is no compelling reason to deprive him of his livelihood while these charges are pending. He must find a way to pay his rent and survive financially, and the current conditions do not allow him to do so.

      For this reason, we respectfully request that the Court hold a bail modification hearing as soon as possible so that Mr. Sweeney may return to work. The next scheduled conference of April 11 will be too late for him to retain his employment.

                                                                                      Respectfully submitted,

                                                                                      David Patton
                                                                                       Attorney for Brennan Sweeney
                                                                                       (212) 417-8762

cc:      Jason Smith, Esq.
            Assistant U.S. Attorney